■ CONNIE CID, Appellant, v BOMBARDIER LTD., Respondent. — Judgment, Supreme Court, Bronx County (DiFede, J.), entered July 27, 1981, which, after a jury verdict of liability against defendant-respondent Bombardier Ltd. (25%) and plaintiff-appellant Cid (75%), dismissed the complaint, unanimously reversed, on the law and the facts and in the exercise of discretion, and the matter remanded for new trial, with costs to abide the event. The 30-year-old plaintiff, the divorced mother of two children, went on a package trip to a "dude ranch" operated by Ranch Resorts, Ltd., in New York State. She and another guest, one Lugo, took a ride on a snowmobile provided by the resort. Plaintiff, who was wearing a long scarf around her neck, was driving. Lugo asked her to stop, so he could look for the other snowmobiles in their party. She stopped and he looked around and then said, "Let's move". When they did not, he looked at her and noticed that she was choking, and her head was against the handle bar. The scarf had become caught and pulled into the running motor of the machine and was wrapped tightly around her neck, resulting in extremely serious injuries. Plaintiff sued both Ranch Resorts and Bombardier, but settled with the resort before trial and proceeded only as against Bombardier, the manufacturer, claiming, *inter alia,* that the motor was inadequately protected. The jury returned a verdict finding plaintiff 75% contributorily negligent and Bombardier 25% negligent. Following the verdict, Bombardier renewed its motion for a directed verdict and moved for judgment notwithstanding the verdict. The court, without setting forth any basis for its decision, set aside the verdict and dismissed the complaint. Its entire decision was as follows: "Both motions are granted. The complaint is dismissed". This failure to specify the grounds for its decision to grant judgment n.o.v. and dismiss the complaint, a finding that defendant was not liable as a matter of law, makes adequate review difficult, if not impossible, on this record. This is a case in which the assignment of trial errors is many. There is complex expert testimony, and many questions were required to be answered in order to determine defendant's liability and the basis therefor. A special verdict would have been in order, as requested by defendant, which might have permitted adequate review to determine whether the verdict had a rational basis. For example, on the record before us, we see little probative evidence to show contributory negligence on the part of the plaintiff in the operation of the snowmobile, in "permitting" her scarf to get caught in the flywheel motor, or in not foreseeing that such injury might occur. Further, it was error for the trial court to refuse to charge the jury that it should allocate the responsibility for the accident among plaintiff, Bombardier and Ranch Resorts by setting the percentage of fault, if any, attributable to each; and to instruct instead that the jury allocate responsibility between plaintiff and Bombardier. Concur — Ross, J. P., Carro, Asch, Bloom and Fein, JJ.